FILED
SEP 2 3 2011
UNITED STATES BANKRUPTCY COURT
SAN FRANCISCO, CA

UNITED STATES BANKRUPTCY COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ARLENE C. FRANCISCO,<br><br><br>Debtor.<br>_____<br>ALFRED T. FRANCISCO, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>ARLEEN C. FRANCISCO,<br><br>Defendant.<br>_____ | Case No. 10-45897<br><br>Chapter 7<br><br><br><br><br><br>Adv. Proc. No. 10-4216 |

**MEMORANDUM RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On April 29, 2011, the court held a hearing on Plaintiff's motion for summary judgment. Edward O. Lee appeared for Plaintiff. Linda J. Cox-Cooper appeared for Defendant.

The complaint reveals that this action involves two types of claims: that Debtor should be denied a discharge in bankruptcy; and that Debtor's obligation to Plaintiff should be excepted from any discharge that Debtor might receive. The denial-of-discharge

MEMORANDUM RE PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT      -1-

claims are contested. The exception-from-discharge claims are not contested, as explained below.

Plaintiff and Defendant were husband and wife, and are currently involved in a marital dissolution proceeding in state court. The state court has ordered the marriage dissolved, but has not yet resolved all issues regarding support and division of marital property and debts. The basis for the exception-to-discharge claims is that Defendant mishandled and/or misappropriated marital property. Any such claims can and should be resolved and liquidated in the pending state-court dissolution proceedings, and this court will defer to the state court with respect to the resolution of all such claims.

Defendant's counsel acknowledges that any order that the state court may issue against Defendant regarding either support or the division of property or debt, including any award for the mishandling and/or misappropriation of marital property, would be categorically excepted from discharge under sections 523(a)(5) and 523(a)(15) of the Bankruptcy Code. Plaintiff asserts no pre-petition claims against Defendant that will not be resolved in the dissolution proceedings. Plaintiff has already obtained an order granting relief from stay to permit the state-court dissolution action to proceed. Thus, to assert all of his pre-petition claims against Defendant, the only relief Plaintiff needs from this court is a declaratory judgment stating that any award by the state court in the dissolution proceeding regarding marital property, marital debts, or support is excepted from discharge.[1] At the April 29,

---

[1] Judge Newsome's August 17, 2010 order, which granted relief from stay to permit the state-court dissolution action to proceed, denied Plaintiff's motion to have this court abstain regarding the

**MEMORANDUM RE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**            -2-

2011 hearing, counsel for Defendant expressly agreed to entry of such a judgment.

In this setting, Plaintiff has no pecuniary interest in pursuing the denial-of-discharge claims.[2] The court will therefore direct immediate entry of judgment on the exception-from-discharge claims, stay the proceedings regarding denial of discharge, provide creditors and the United States Trustee an opportunity to intervene and take over the denial-of-discharge claims, and dismiss those claims if none of those parties moves to intervene.

__9-23-11__  __/s/ Thomas E. Carlson__
Date                      Honorable Thomas E. Carlson

---

dissolution proceeding. The denial of the motion for abstention does not constitute any limit on the relief from stay granted. Judge Newsome, who recently retired from this court, most likely determined that the motion for abstention was duplicative and moot in light of the complete relief from stay awarded. To eliminate any confusion, this court hereby clarifies for the benefit of Plaintiff, Defendant, and the state court that the prior order for relief from stay, together with the judgement accompanying this memorandum, authorize the state court to enter and to enforce whatever orders it determines to be appropriate in the dissolution proceeding.

[2] It is actually in Plaintiff's pecuniary interest that Debtor receive a discharge of debts owed other creditors, as Plaintiff then would not have to compete with those creditors to collect whatever judgment Plaintiff receives in the state-court dissolution proceeding.

**MEMORANDUM RE PLAINTIFF'S**
**MOTION FOR SUMMARY JUDGMENT**        -3-